<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| SADE N. THOMAS a.k.a. SADE N. KEYTON, | : : : : | Civil Action No. 07-4779 (SRC) |
| Plaintiff, | : : | |
| v. | : : | **OPINION** |
| COMMISSIONER OF SOCIAL SECURITY, | : : : | |
| Defendant. | : : | |

<u>**CHESLER**</u>, District Judge

This matter comes before the Court on the appeal by Anna Keyton, on behalf of Sade N. Thomas, of the final decision of the Commissioner of Social Security ("Commissioner") determining that Plaintiff is not eligible for Supplemental Security Income under the Social Security Act ("the Act"). This Court exercises jurisdiction pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3) and, having considered the submissions of the parties without oral argument pursuant to L. Civ. R. 9.1(b), determines that the Commissioner's decision is **REMANDED** so that the Commissioner may more fully explain the decision.

## I.  BACKGROUND

Anna Keyton ("Keyton") is the paternal grandmother of Plaintiff Sade N. Thomas ("Thomas") and was her legal guardian while she was under eighteen years of age. Keyton filed an application on behalf of Plaintiff for Supplemental Security Income ("SSI") on December 18, 2003, claiming disability since October 1, 2003 due to a seizure disorder and asthma. Plaintiff's

application was denied initially and upon reconsideration, and Plaintiff requested a hearing. A hearing was held before Administrative Law Judge ("ALJ") Michal L. Lissek on November 2, 2005. ALJ Lissek issued a decision on December 6, 2005 finding that Plaintiff was not disabled. Keyton requested a review of the decision by the Appeals Council, which the Appeals Council denied on August 9, 2007. (Tr. 5-7). Plaintiff filed the Complaint presently under review on October 2, 2007.

## II. DISCUSSION

### A. Standard of Review

This Court has jurisdiction to review the Commissioner's decision under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3) and must affirm the Commissioner's decision if it is "supported by substantial evidence." 42 U.S.C. § 405(g); 42 U.S.C. § 1383(c)(3); Stunkard v. Sec'y of Health and Human Servs., 841 F.2d 57, 59 (3d Cir. 1988); Doak v. Heckler, 790 F.2d 26, 28 (3d Cir. 1986). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). Substantial evidence "is more than a mere scintilla, but need not rise to the level of a preponderance." McCrea v. Comm'r of Soc. Sec., 370 F.3d 357, 360 (3d Cir. 2004). The reviewing court must consider the totality of the evidence and then determine whether there is substantial evidence to support the Commissioner's decision. See Taybron v. Harris, 667 F.2d 412, 413 (3d Cir. 1981).

The reviewing court is not "empowered to weigh the evidence or substitute its conclusions for those of the fact-finder." Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom. Williams v. Shalala, 507 U.S. 924 (1993). If the ALJ's findings of

fact are supported by substantial evidence, this Court is bound by those findings, "even if [it] would have decided the factual inquiry differently." Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001); see also Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999).

Throughout the evaluation, the ALJ "must give a reasoned explanation for his decision, including how he factored in evidence that arguably pointed to the opposite conclusion." Morrison ex rel. Morrison v. Comm'r of Soc. Sec., 268 F. App'x 186, 187 (3d Cir. 2008) (citing Burnett v. Comm'r of Soc. Sec., 220 F.3d 112, 119-20 (3d Cir. 2000); Cotter v. Harris, 642 F.2d 700, 705 (3d Cir.1981)). In Jones v. Barnhart, 364 F.3d 501, 505 (3d Cir. 2004), the Third Circuit noted that "Burnett does not require the ALJ to use particular language or adhere to a particular format in conducting his analysis. Rather, the function of Burnett is to ensure that there is sufficient development of the record and explanation of findings to permit meaningful review." "The presence of evidence in the record that supports a contrary conclusion does not undermine the Commissioner's decision so long as the record provides substantial support for that decision." Sassone v. Comm'r of Soc. Sec., 165 F. App'x 954, 955 (3d Cir. 2006) (citing Blalock, 483 F.2d at 775).

**B.      Standard for Awarding Benefits Under the Act**

Courts undertake a three-step evaluation to determine if a child under age eighteen is eligible for SSI benefits. The evaluation was recently summarized by the Third Circuit:

> A child under eighteen is only eligible for SSI benefits if (1) he is not doing substantial gainful activity; (2) he has a medically determinable impairment or combination of impairments that is severe; and (3) the impairment or combination of impairments meets, medically equals, or functionally equals the severity of one or more of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R § 416.924. An impairment or combination of impairments functionally equals a listed impairment if it causes a "marked" limitation in two of six areas of

> functioning or an "extreme" limitation in one of those six areas.[1]  Id. §
> 416.926a(a).  The six areas are (1) acquiring and using information, (2) attending
> and completing tasks, (3) interacting and relating with others, (4) moving about
> and manipulating objects, (5) caring for oneself, and (6) health and physical
> well-being.  Id. § 416.926a(b)(1).

Morrison ex rel. Morrison, 268 F. App'x at 187-88 (footnote in original).  In this process, the

claimant bears the initial burden of establishing his or her disability.  42 U.S.C. §

1382c(a)(3)(H)(i); 42 U.S.C. § 423(d)(5).

### D.  The ALJ's Decision

In brief, the issue before the ALJ was whether Plaintiff is entitled to SSI under section

1614(a)(3)(C) of the Act beginning on October 1, 2003.  After examining the record, the ALJ

determined that: 1) at step one, Plaintiff had not engaged in substantial gainful activity during the

relevant time period; 2) at step two, Plaintiff had the medically determinable impairments of

epilepsy, bronchial asthma, and hypoglycemia, which were severe within the meaning of the

regulations; and 3) at step three, the impairments, singly or in combination, did not meet,

medically equal, or functionally equal any impairments in 20 C.F.R. Part 404, Subpart P,

Appendix 1 (the "Listings").  In conclusion, the ALJ determined that Plaintiff had not been under

a disability at any time from the claimed date of onset through the date of the decision.

### E.  Plaintiff's Appeal

Plaintiff's main arguments on appeal concern the ALJ's determination that Plaintiff's

epilepsy does not meet the criteria in the relevant Listings.  In brief, the ALJ examined the

medical records from Plaintiff's treating neurologist, Dr. Clark, Plaintiff's school records, and

---

[1] A "marked" limitation "interferes seriously with [the child's] ability to independently initiate, sustain, or complete activities."  20 C.F.R. § 416.926a(e)(2)(i) (emphasis added).  An "extreme" limitation "interferes very seriously with [the child's] ability to independently initiate, sustain, or complete activities."  Id. § 416.926a(e)(3)(i) (emphasis added).

4

heard testimony from the Commissioner's medical expert, Dr. Fechner, and from Plaintiff and her grandmother. The ALJ found that Plaintiff and her grandmother were only "somewhat credible," and so gave their testimony less weight. The ALJ gave the most weight to the evidence obtained from the records of the treating neurologist and the school. Based on this evidence, the ALJ concluded that Plaintiff's seizures had not occurred at a frequency greater than once per month, and so Plaintiff did not meet the criteria for convulsive epilepsy in Listing § 111.02(A).

Plaintiff criticizes the ALJ's decision on a number of grounds that are not supported by the ALJ's written opinion. Plaintiff contends that the ALJ began the analysis on March 3, 2004, but the ALJ's decision shows that she relied on the treating physician's records, which the record shows began in May of 2003. (Tr. 22, 205.) Plaintiff contends that the ALJ made an error of law in failing to analyze Listing § 111.02(A)(2), relating to nocturnal seizures. That listing, however, falls within the ALJ's discussion of § 111.02(A): the ALJ considered whether Plaintiff met Listing § 111.02(A) and concluded that she did not because her seizure frequency was not greater than once per month. (Tr. 20.) Having concluded that Plaintiff did not meet Listing § 111.02(A), there was no need for the ALJ to consider Listing § 111.02(A)(2).

In determining the frequency of Plaintiff's seizures, the ALJ placed greatest weight on the records from both the treating physician and Plaintiff's school. Plaintiff argues that the ALJ erred by failing to give greater weight to the reports by the Plaintiff and by her grandmother that the seizures occurred more frequently than the records stated. The ALJ made clear that she found these reports by Plaintiff and her grandmother to be less credible evidence and, because of that, gave them lesser weight. Given that the ALJ based her conclusion on the records of a treating physician and on school records, this Court cannot conclude that her determination was not

supported by substantial evidence.

Plaintiff contends that the ALJ ignored a part of Dr. Fechner's testimony in which Dr. Fechner stated that, if the grandmother's testimony about the frequency of seizures was credible, Plaintiff would meet the criteria for convulsive epilepsy in Listing § 111.02(A). The ALJ's ignoring this statement, however, was entirely appropriate: the statement in question concerned legal issues (credibility of a witness and application of the regulations). It is well-established that experts may not give opinions on legal issues. Dr. Fechner was not, in that statement, asserting a medical fact or conclusion that the ALJ ignored.

Plaintiff argues that the ALJ gave insufficient weight to the findings of Plaintiff's treating physician, Dr. Roberts, regarding Plaintiff's asthma and gastritis. Plaintiff does not, however, state how it might have materially affected the outcome, had the ALJ weighted that evidence differently. Plaintiff does not, for example, even argue that the evidence from Dr. Roberts would have been sufficient to show that Plaintiff met the criteria for a Listing related to asthma. Without such argument, this Court has no basis to conclude that the ALJ made a material error.

Plaintiff contends that the ALJ failed to sufficiently explain the decision that the Plaintiff's combined impairments do not functionally equal the Listings, following the analysis set forth in 20 C.F.R. § 416.926a, because of an extreme limitation in the domain of health and physical well-being. Here, a different determination on this one point would necessarily be material since a finding of extreme limitation in just one domain necessitates a determination that Plaintiff is disabled. 20 C.F.R. § 416.926a(a). In regard to limitation in the domain of health and physical well-being, the ALJ offered only the following two sentences: "In this domain, the child has less than 'marked' limitations. Her ability to participate in all physical activities is reduced

due to decreased stamina and restrictions from seizure disorder." (Tr. 24.)

Plaintiff contends, appropriately, that this explanation is insufficient under Burnett. This Court agrees. The ALJ's explanation here is so abbreviated that it is not amenable to meaningful judicial review. See Jones, 364 F.3d at 505. The decision does not tell this Court what evidence the ALJ considered in making her determination as to the domain of health and physical well-being, how she weighted the evidence, or how she applied the law to the facts. Defendant argues that the ALJ's decision is supported by substantial evidence, and points to documents in the record that could support the determination. Given the opacity of the ALJ's decision, this line of argument rests on pure speculation. Moreover, as Plaintiff contends, the Third Circuit has warned courts not to engage in independent analysis of medical records not mentioned by the ALJ. Fargnoli v. Halter, 247 F.3d 34, 44 (3d Cir. 2001).

The regulations explain the determination of an extreme limitation at 20 C.F.R. § 416.926a(e)(3), and this Court notes that, based on the record before it, the outcome of the analysis in this case is not obvious. This case must be remanded to the Commissioner, pursuant to Burnett, so that the ALJ may fully explain the determination that Plaintiff does not show an extreme limitation in the domain of health and physical well-being, thus making the determination amenable to judicial review. This Court will retain jurisdiction over this case and will receive further briefing of only this issue once the Commissioner has amended the decision to explain the determination.

## III.  CONCLUSION

For the reasons stated above, this Court remands this case to the Commissioner with the instruction that the Commissioner's decision must be amended to better explain the determination as to extreme limitations in the domain of health and physical well-being.


Dated: September 17, 2008

      s/ Stanley R. Chesler
STANLEY R. CHESLER, U.S.D.J.